**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **BYRON LEE, PAUL WEIR, BRENDA STARKS,** ) | |
| **CAROL MATTHEWS, TRESA SANDERS,** ) | |
| **CHRIS BLACK, GENOLA SANDERS, and** ) | |
| **MOHAMMED QARSEM,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 3:06-cv-0001** |
| ) | |
| **DELL PRODUCTS, L.P.,** ) | **Judge Thomas A. Wiseman, Jr.** |
| ) | |
| **Defendant.** ) | |

**<u>MEMORANDUM</u>**

Before the Court is Defendant's Motion to Dismiss the claims asserted by plaintiffs Tresa Sanders and Genola Sanders under 42 U.S.C. § 1981 (Doc. No. 12), on the basis that they are barred by the applicable four-year statute of limitations. Defendant, Dell Products, L.P. ("Dell"), has filed a Memorandum in support of its Motion (Doc. No. 13), and Plaintiffs have filed a response in opposition thereto (Doc. No. 15). In its Memorandum, Dell anticipated that Plaintiffs would argue that the claims of the two plaintiffs in question are saved by the continuing-violations doctrine. Instead, Plaintiffs argue in their Response brief that the relevant limitations period was tolled during the pendency of a race discrimination class action lawsuit against Dell, in which both Tresa Sanders and Genola Sanders were putative class members.

Although the Court disagrees with the date upon which Plaintiffs claim the tolling period ended, as explained below, the Court finds that the limitations period was tolled for two years and 166 days during the pendency of the class action lawsuit. The claims asserted by Tresa Sanders and Genola Sanders are therefore not barred by the statute of limitations and Defendant's motion will be denied.

**I.     Background**

Tresa Sanders and Genola Sanders along with six other plaintiffs who are all current or former Dell employees, filed suit on January 3, 2006 (<u>see</u> Complaint, Doc. No. 1), alleging race discrimination and retaliation in violation of 42 U.S.C. § 1981 ("§ 1981").

According to the facts set forth in the Complaint, plaintiff Tresa Sanders is an African-American woman who worked continuously at Dell's Lebanon, Tennessee plant from August 30, 1999 until her

termination on May 18, 2000. (Compl. ¶¶ 93, 106.) During her employment, Tresa Sanders was allegedly subjected to a pattern and practice of racial discrimination, a hostile work environment, and retaliation as a result of Sanders' opposition to the allegedly racially discriminatory employment policies and practices implemented by Dell. (Compl. ¶ 94.)

Plaintiff Genola Sanders is an African-American woman who was employed at Dell from July 26, 1999 until her discharge in September 2001.[1] (Compl. ¶¶ 116, 144.) Genola Sanders alleges she was discriminated against on the basis of race with regard to pay, transfers and the terms and conditions of her employment, that she was subjected to a hostile work environment and retaliation as a result of her opposition to the racially discriminatory employment practices and policies allegedly implemented by Dell at the Lebanon, Tennessee plant. (Compl. ¶ 117.) Genola Sanders suffered a foot injury requiring a three-month medical leave in 2001. When she was released to work at light duty, her light-duty assignment required her to do some walking. Since her physician had advised her to avoid putting any weight on her feet, Genola Sanders filed for additional medical leave from Dell. That request was denied. (Compl. ¶ 143.) In September 2001, Sanders was notified that Dell could no longer accommodate her disability. (Compl. ¶ 144.)

The case of Taylor-Poole et al. v. Dell Products, L.P., Case No. 3:01cv1591 (the "Taylor-Poole Case"), was filed as class action in this Court on December 21, 2001. The Complaint identifies the "class" as "all African Americans who are, or have been, employed by Dell at either the Lebanon or Nashville[, Tennessee] plant and have experienced race discrimination at any time during the applicable liability period." (Taylor-Poole Compl. ¶ 17.) The lawsuit sought redress for Dell's alleged "pervasive and racially discriminatory employment policies, practices, and procedures" under Title VII and § 1981. The named plaintiffs were all allegedly hired by Dell in 1999.

Rule 15(b) of the Local Rules of the United States District Court for the Middle District of Tennessee provides that a motion to certify a class must be filed within sixty days of the filing of a class-action complaint, unless the plaintiffs are granted an extension of that deadline. The Taylor-Poole plaintiffs sought such an extension and, after five more extensions, the deadline was finally reset for June 4, 2004. June 4, 2004 came

---

[1]In paragraph 12 of the Complaint, under the heading "Plaintiffs" in which each Plaintiff is introduced in a separate brief paragraph, Plaintiffs allege that Genola Sanders was employed by Dell from July 1999 until February 2002. That allegation is contradicted in the body of the Complaint setting forth the allegations giving rise to the Plaintiffs' causes of action. Moreover, in their response in opposition to the Motion to Dismiss, Plaintiffs do not contest the fact that Genola Sanders was discharged in September 2001.

and went without the <u>Taylor-Poole</u> plaintiffs' having filed their motion for class certification.

In November 2004, Byron Lee and Paul Weir, who are also plaintiffs in the case presently before this Court, filed a motion to intervene in the <u>Taylor-Poole</u> Case, purportedly to "enrich" the pool of class representatives. Judge Trauger denied the motion to intervene on the basis that the deadlines for class certification and dispositive motions had expired and the case was set for trial four months away. The Court also observed that enrichment of the pool of class representatives was a moot point because the plaintiffs had allowed the certification motion deadline to pass "without comment, certification motion or motion for extension of the deadline." (<u>Taylor-Poole</u> Case, Doc. No. 62, at 2.)

**II.      Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." <u>Bloch v. Ribar</u>, 156 F.3d 673, 677 (6th Cir. 1998). "Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Id.</u> (internal quotation marks omitted).

When considering a motion to dismiss, courts generally should not consider matters outside the pleadings. <u>Weiner v. Klais & Co.</u>, 108 F.3d 86, 88–89 (6th Cir. 1997). There are exceptions to this general rule. For instance, courts may consider public records and any matters of which a court may take judicial notice, without converting the motion into a motion for summary judgment. <u>Jackson v. City of Columbus</u>, 194 F.3d 737, 745 (6th Cir. 1999), <u>overruled on other grounds by</u> <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 406 (2002). Under the Federal Rules of Evidence, courts may take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, a district court *must* take judicial notice "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

In this case, the Plaintiffs' argument in opposition to Dell's Motion to Dismiss is dependent upon facts relating to the earlier-filed <u>Taylor-Poole</u> Case. The pleadings in that case are public records, and the Court finds that it may take judicial notice of procedural aspects of that case that are pertinent to Plaintiffs' claims

regarding the tolling of the statute of limitations, without converting Dell's motion into one for summary judgment.

**III.    Analysis**

In the Complaint, plaintiff Tresa Sanders alleges that she was subjected to discrimination while employed by Dell from August 1999 up through and including her alleged wrongful discharge in May 2000. Plaintiff Genola Sanders alleges she was subjected to discrimination while employed at Dell from July 26, 1999 up through and including her discharge in September 2001. All of Tresa Sanders' and Genola Sanders' claims arise under the 1991 amendments to § 1981, and the parties do not dispute that they are subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 373 (2004). The Complaint was filed January 3, 2006, more than four years after both plaintiffs' discharge by Dell. These two plaintiffs' claims are clearly barred by the statute of limitations unless the statute was tolled for some period of time.

As set forth in the fact section above, Taylor-Poole was pleaded as a class action and the district court set June 4, 2004 as the final deadline for the filing of a motion seeking class certification. The Taylor-Poole plaintiffs never filed a motion seeking certification. On January 3, 2005, the court denied a motion to intervene filed by two of the plaintiffs in this case. The question before this Court is whether the statute of limitations was tolled during the pendency of that action and, if so, for how long.

In American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), the Supreme Court allowed unnamed members of a class to intervene as individual plaintiffs in an individual action that continued after denial of class certification. The Court concluded that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." Id. at 553. In Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983), the Court extended American Pipe to allow tolling not only when plaintiffs sought to intervene in a continuing action, but also when they sought to file an entirely new action. Specifically, the Court noted that "[t]he filing of a class action tolls the statute of limitations as to all asserted members of the class, not just as to intervenors." Id. at 350 (internal quotation marks and citation omitted). However, the principles articulated in American Pipe and Crown, Cork are not without exceptions. In Andrews v. Orr, 851 F.2d 146, 149 (6th Cir. 1988), the Sixth Circuit refused to interpret American Pipe to allow tolling when the

4

district court in the previous action had denied class certification, and when the second action merely sought to re-litigate the same issue of class certification and thereby to circumvent the earlier denial of class status. In addition, tolling only applies to claims that were or could have been brought in the original class action. See Weston v. AmeriBank, 264 F.3d 366, 368–69 (6th Cir. 2001) (citing Crown, Cork, 462 U.S. at 354 (Powell, J., concurring)). Neither Andrews nor Weston applies in this case, however. First, class certification was never denied (or granted) in the initial action, and the present case was not filed as a class action. Second, the claims brought in this case clearly fall within the rubric of those articulated in the Taylor-Poole action.

Plaintiffs here point to the Supreme Court precedent holding that tolling of the limitations period continues up until denial of class certification. Plaintiffs then argue that in this case, the tolling continued up until Judge Trauger's January 3, 2005 order denying the motion to intervene, which Plaintiffs somehow construe as equivalent to an order denying class certification. Rather, as noted above, that order simply denied a motion to intervene while observing that the Taylor-Poole plaintiffs had never filed a motion for class certification. While it is true that the Supreme Court has stated that tolling continues up until the denial of class certification, under Local Rule, the Taylor-Poole plaintiffs had an obligation to file a motion seeking certification. Their failure to do so obviated the court's obligation to issue a ruling on that question.

Clearly, the absence of a ruling on class certification cannot mean that tolling continues indefinitely. Although there is no Sixth Circuit case law addressing this question, the Court finds under the circumstances presented here that the passage of the date for filing a motion to certify the action as a class action without the plaintiffs' actually filing any such motion terminated the action as a class action from that day forward. Consequently, the statute of limitations on the claims of the Plaintiffs in this case began to run again as of that date. Cf. Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1018–19 (9th Cir. 2000) (finding tolling expired on the deadline for filing a motion to certify where plaintiffs filed no such motion and the court never had opportunity to issue affirmative decision either granting or denying class certification). Accordingly, the limitations period on the Plaintiffs' claims in the case at bar was tolled from the date of filing the class-action complaint, December 21, 2001, until the last date set for filing a motion to certify, June 4, 2004 – a period of two years and 166 days.

As Plaintiffs phrased it, the remainder of the analysis of whether Tresa Sanders' or Genola Sanders' claims are timely is purely arithmetic. Tresa Sanders was hired on August 30, 1999 and discharged on May

5

18, 2000.  Even if we assume that Tresa Sanders' claims accrued on the date of her hire, August 30, 1999, which is unlikely, her lawsuit was filed six years and 126 days later.  Given that the limitations period was tolled for two years and 166 days of that total, the four-year limitation period had not yet expired as of the date of filing the Complaint.  In fact, she had at least forty days to spare.  Her claims are therefore not barred by the statute of limitations.

Similarly, Genola Sanders was hired on July 26, 1999 and discharged on September 10, 2001.  Her cause of action accrued, at the very earliest, on July 26, 1999.  The current lawsuit was filed six years and 161 days after Genola Sanders' date of hire, but the statute of limitations was tolled for two years and 166 days during that time frame.  Thus, even assuming that her cause of action accrued the very day she was hired, which is unlikely, her claim is still timely, with five days to spare.

## IV.    Conclusion

For the reasons set forth herein, Defendants' motion to dismiss the claims of Tresa Sanders and Genola Sanders as barred by the applicable statute of limitations will be denied.  An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge