UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BYRON LEE, PAUL WEIR, ) <br> BRENDA STARKS, CAROL MATTHEWS ) <br> TRESA SANDERS, CHRIS BLACK, ) <br> GENOLA SANDERS, ) <br> SHARON JOHNSON, JOSE COLE, and ) <br> MOHAMMED QARSEM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DELL PRODUCTS, L.P., ) <br> ) <br> Defendant. ) | Civil Action No. 3:06cv0001 <br> Judge Thomas A. Wiseman, Jr. |

**MEMORANDUM**

This matter is before the Court on Defendant Dell Products, L.P.'s ("Dell") Motion to Sever, or in the Alternative to Order Separate Trials (Doc. No. 26) and Memorandum of Law in Support. (Doc. No. 27-1.) For the reasons set forth below, the Court will DENY Defendant's Motion to Sever as it pertains to eight of the ten plaintiffs: Byron Lee, Paul Weir, Brenda Starks, Carol Matthews, Tresa Sanders, Genola Sanders, Sharon Johnson, and Jose Cole, and GRANT Defendant's Motion to Sever (Doc. No. 26) as to Plaintiff Chris Black and Plaintiff Mohammed Qarsem. Given the early stage of this litigation, the Court will, at this time, DENY without prejudice Dell's Motion in the Alternative to Order Separate Trials (Doc. No. 26).

**I.  PROCEDURAL BACKGROUND**

Plaintiffs in this case, Byron Lee, Paul Weir, Brenda Starks, Carol Matthews, Tresa Sanders, Chris Black, Genola Sanders, Sharon Johnson, and Jose Cole each African-American, and Mohammed Qarsem, a Palestinian-American, are current and former employees of Dell, who are or were employed at either Dell's Nashville or Lebanon, Tennessee facilities. Plaintiffs filed their Amended Complaint (the "Complaint"), which joins the nine African-American Plaintiffs' individual claims of race discrimination and that of the one Palestinian-American Plaintiff's claim of discrimination based on ancestry or ethnic characteristics against Dell and alleges systematic discrimination in employment in violation of the Civil Rights Act of 1866, 42

1

U.S.C. § 1981 on June 9, 2006.[1] (Doc. No. 25.)

In Count One the nine African-American Plaintiffs claim Dell discriminated against them on the basis of race in violation of the Civil Rights Act of 1866, 42. U.S.C. § 1981, restating and relying on the individual allegations by each Plaintiff as set forth in paragraphs one through 176 of the Complaint as support for this count. (Compl. ¶¶ 177-81.) In Count Two the tenth plaintiff, Mr. Qarsem, alleges discrimination on the basis of ancestry and ethnic characteristics in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 based on the assertion that he was treated differently than non-Palestinian employees when he was terminated for excessive use of the internet. (Compl. ¶¶ 172-73 & 182-86.) Count Three, brought by three of the ten plaintiffs, Mr. Lee, Ms. Tresa Sanders, and Ms. Genola Sanders, again restates the individual factual allegations of the Plaintiffs as set forth in paragraphs one through 176 in support for the general allegation that the three Plaintiffs were engaged in protected activity by opposing Dell's alleged illegal policies and practices and were each retaliated and discriminated against by Dell in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. (Compl. ¶¶ 187-91.)

In their "Prayer for Relief," Plaintiffs request a declaratory judgment that Dell's employment policies, practices, and procedures challenged are in violation of § 1981, a permanent injunction against Dell and an Order placing Plaintiffs into those jobs they would now be occupying but for Dell's discriminatory policies, practices and procedures. (Compl. ¶ 192.) Plaintiffs also request the Court issue an Order requiring Dell to initiate and implement systems of training, transferring, compensating and promoting racial and ethnic minorities and an Order directing Dell to adjust wage rates and benefits for the Plaintiffs to the level that they would be enjoying but for Dell's discriminatory policies, practices and procedures. (Compl. ¶ 192.) In addition Plaintiffs request nominal, compensatory and punitive damages, litigation costs and expenses

---

[1] Eight of the ten plaintiffs in the case at bar, Byron Lee, Paul Weir, Brenda Starks, Carol Matthews, Tresa Sanders, Chris Black, Genola Sanders, and Mohammed Qarsem, joined their individual claims of race discrimination and discrimination based on ancestry or ethnic characteristics in employment in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 in their initial Complaint filed on January 3, 2006. (Doc. No. 1.) On March 27, 2006, Dell filed its Answer to the initial Complaint (Doc. No. 11) and its Motion to Dismiss the 42 U.S.C. § 1981 Claims of Tresa Sanders and Genola Sanders (Doc. No. 12) arguing that their claims were barred by the four-year statute of limitations. On April 21, 2006, the Court denied Dell's Motion to Dismiss (Doc. No. 21) and set the matter for trial on January 15, 2008 (Doc. No. 22). With permission of the Court, Plaintiffs filed an Amended Complaint on June 9, 2006, joining Sharon Johnson and Jose Cole, each African-American, as party plaintiffs to the case at bar. (Doc. No. 25.)

2

including attorneys' fees, prejudgment interest, and other relief as the Court may deem just and proper. (Compl. ¶ 192.)

In response to Plaintiffs' Amended Complaint, Dell filed a Motion to Sever or, in the Alternative, to Order Separate Trials asserting that Plaintiffs' Claims were improperly joined and must be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure. Dell also argues that there is sufficient reason to sever each Plaintiff's case and adjudicate them in separate trials pursuant to Rule 42(b). (Doc. No. 26.) Plaintiffs filed a Response in opposition to the motion arguing that Dell's motion is premature and regardless, each Plaintiff's claims arise out of the same series of transactions or occurrences and a common issue of fact or law exists among the Plaintiffs such that they are properly joined. (Doc. No. 30.) With the Court's permission, Dell filed a Reply brief. (Doc. No. 35-1.) In its Reply Dell reiterates the reasons Plaintiffs' claims must be severed and also contends that the Court can and should make the decision as to the appropriateness of joinder or separate trials before the parties commence discovery. According to Dell, if Plaintiffs needed time to conduct discovery on the issue of severance they should have brought it up before their opposition to the motion. (Doc. No. 35-1, at 2.)

## II.  FACTUAL BACKGROUND

Each of the Plaintiffs allege generally that he or she has been adversely affected by a pattern and practice of racial discrimination by Dell while working at one of Dell's Tennessee facilities. Five of the Plaintiffs began working for Dell in 1999 or 2000 and are still employed by Dell at either its Nashville or Lebanon, Tennessee plants, while four Plaintiffs, including Mr. Black and Mr. Qarsem, were discharged at different times between 2000 and 2003. Plaintiff Sharon Johnson asserts that she resigned in 2006. Because the Motion to Sever was filed prior to any discovery, the Court will outline and consider the relevant facts as set forth by Plaintiffs in the Complaint, assuming for purposes of the current motion that Plaintiffs' allegations in the Complaint are true.

### 1.  Plaintiff Byron Lee

Mr. Lee is an African-American and a resident of Tennessee. He has been employed by Dell since July 26, 1999 and works at the Lebanon, TN facility as a Lead Specialist in the Shipping Department. Mr. Lee contends that on at least two separate occasions in 2000 and 2001 he applied for a promotion to a

3

supervisory position based on encouragement and recommendations from his supervisors and his strong work performance. (Compl. ¶¶ 21-23.) According to Mr. Lee, in both instances he was denied the promotion and the position was awarded to an equally or less qualified white male. Mr. Lee also alleges that he has been treated differently than his white co-workers when requesting and taking time off and applying for shift transfers. (Compl. ¶ 28.) In addition to the general allegations that he has been adversely affected by a pattern of racial discrimination in terms of his employment, promotion, training, and discipline, Mr. Lee also claims that he was retaliated against by a white supervisor for complaining about Dell's discriminatory practices and when he complained to Human Resources about the treatment nothing was done to correct the situation. (Compl. ¶ ¶ 29-39.)

### 2. Plaintiff Paul Weir

Mr. Weir is African-American and a resident of Tennessee. Mr. Weir has been employed by Dell as an A4 grade worker in the Lebanon facility since June 7, 1999. Like Mr. Lee, Mr. Weir claims he was denied a promotion to a Lead position while less-qualified, white co-workers were promoted. (Compl ¶¶ 45-46.) Mr. Weir also alleges that he has been subjected to a hostile work environment wherein he has been targeted by white co-workers and supervisors with threats and racially-motivated comments. According to Mr. Weir, he has reported these incidents, but no action was taken by Dell management. (Compl. ¶¶ 47-48.)

In addition, Mr. Weir alleges that he has been discriminated against by Dell with respect to the terms and conditions of his employment, including vacation time, performance appraisals and bonuses. Mr. Weir claims that he reported his treatment to Human Resources and even met with them to discuss the discriminatory treatment, but no action was taken regarding his complaints. (Compl. ¶¶ 53-54.)

### 3. Plaintiff Brenda Starks

Ms. Starks is African-American and a resident of Tennessee. Ms. Starks has been employed by Dell as a A4 Travel Pull at the Lebanon plant since June 1999. Ms. Starks also contends that she was passed up for promotions while her white co-workers were promoted. According to Ms. Starks, she filed a complaint with Human Resources and was later promoted, but has not received a promotion since that time. (Compl. ¶ 61.) Ms. Starks claims her white supervisor often reprimanded and blamed her and several other African-American employees for mistakes made by a white co-worker, and although she complained about this

4

treatment, nothing was done by Dell. In addition, Ms. Starks alleges that she has been discriminated against by Dell with respect to the terms and conditions of his employment, including use of vacation time, training opportunities, discipline, benefits and pay raises. (Compl. ¶¶ 67-77.)

   **4.  Plaintiff Carol Matthews**

Ms. Matthews is African-American and a resident of Tennessee. She has been employed by Dell since August 1999. She is currently a Senior Specialist in the Nashville plant. Ms. Matthews contends she was turned down for a supervisory position in the Operations Department. Ms. Mathews claims that she was more qualified for the job, but the job went to a white co-worker. (Compl. ¶¶ 80.) Ms. Matthews also alleges that in 2001 her two supervisors failed to give her an annual merit pay raise, even though similarly situated white employees received raises. (Compl. ¶ 81.) Ms. Matthews complained to Human Resources and was later given her pay raise but was given no reason for the delay. In addition, Ms. Matthews contends that she has been adversely affected by a pattern of racial discrimination by Dell's subjective discipline policies, practices and procedures, and has been treated differently than white employees when requesting and taking vacation time. (Compl. ¶¶ 88-89.) According to Ms. Matthews, she was exposed to a hostile work environment including severe and pervasive race-based harassment by white supervisors, managers and the Human Resources Department and despite her complaints to Human Resources, Dell did nothing to address the issues. (Compl. ¶¶ 89-96.)

   **5.  Plaintiff Tresa Sanders**

Ms. Sanders is African-American and a resident of Tennessee. She was employed by Dell in the Lebanon plant from August, 1999 until May of 2000 when she alleges that she was unlawfully terminated. Ms. Sanders contends that she was treated differently than white co-workers in terms of Dell's discipline, training, and promotion policies and procedures. Specifically, Ms. Sanders contends that on at least two instances she applied for further training and/or a promotion, which was denied, white co-workers received promotions. (Compl. ¶¶ 105, 109.) She also claims that she was often harassed by white co-workers and supervisors. (Compl. ¶¶ 101-104.) According to Ms. Sanders, she reported several of the incidents of discrimination to Human Resources, but Human Resources did not offer her any assistance. (Compl. ¶ 104.) In fact, Ms. Sanders claims that she was retaliated against as a result of reporting the harassment she

experienced at Dell. (Compl. at 109.) In May of 2001, Ms. Sanders was told that she was fired because of her tardiness. Ms. Sanders contends she had only received two warnings and her termination was contrary to Dell's policy providing that an employee must receive four written warnings prior to termination.

### 6. Plaintiff Chris Black

Mr. Black is African-American and a resident of Tennessee. Mr. Black was employed by Dell from May 2002 until August 2003 when he claims that he was unlawfully terminated. Mr. Black worked in the boxing assembly line division of the Lebanon plant. Mr. Black contends that he was placed on probation for six months because he accidently touched a female employee with his arm and that similarly situated white employees were not given probation for similar accidents. (Compl. ¶ 118.) Mr. Black also claims that he was fired for allegedly calling his supervisor a "bitch" and although he denied ever saying it, he was terminated for cursing in the work place. (Compl. ¶ 119.) According to Mr. Black, white employees who regularly curse in the presence of supervisors are not disciplined or fired and his termination was discriminatory.

### 7. Plaintiff Genola Sanders

Ms. Sanders is African-American and a resident of Tennessee. Ms. Sanders was employed by Dell from July 1999 until September 2001 when she claims she was unlawfully terminated based on the fact that Dell could no longer support her disability. Ms. Sanders contends that during her two years at Dell she was treated differently than white co-workers in terms of disciplinary actions, training, and promotion policies and procedures. Ms. Sanders also claims that she was not paid as much as similarly situated white employees. According to Ms. Sanders, she was trained and worked as a Quick Tester but she did not receive the same pay that other Quick Testers received. (Compl. ¶¶ 124-25.) Ms. Sanders alleges that she applied for and was rejected for a promotion numerous times and on at least one occasion, an equally or less qualified white employee received one or more of the positions she applied for. (Compl ¶ 144.) She also claims she complained to Human Resources on several occasions about the harassment she was experiencing as well as her lack of promotion opportunities, but that she was told that if she if she did not like how she was treated she could quit her job at Dell. (Compl ¶ 146.) Ms. Sanders alleges that in retaliation for complaining to Human Resources, Ms. Sanders' supervisor would not talk to her or to any other African-American female employee. (Compl. ¶ 146.)

6

### 8. Plaintiff Sharon Johnson

Ms. Johnson is African-American and a resident of Tennessee. Ms. Johnson worked for Dell from July 1999 until July 2002 when she claims that she was forced to resign due to discriminatory treatment. Ms. Johnson alleges she despite the fact that she met all of the job requirements listed on the job posting and the fact that she had assumed the duties of a Supervisor in Training for three months while her supervisor was out, she was denied one of the six available Supervisor in Training positions. (Compl. ¶ 152.) According to Ms. Johnson, one of the positions was eventually filled by a white employee who had the same qualifications, but less seniority than Ms. Johnson. Ms. Johnson also alleges that she has been treated differently than her white co-workers with regard to job assignments, training and performance evaluations. (Compl. ¶ 155.) Specifically, she claims that she was made to do the work of another level employee and given extra duties by her supervisor which made it impossible to complete her regular duties and then received negative comments from her supervisor. (Compl. ¶¶ 155-58.) Ms. Johnson contends that she complained about the treatment to her supervisor as well as to her supervisor's supervisor, but Dell did nothing in response.

### 9. Plaintiff Jose Cole

Mr. Cole is African-American and a resident of Tennessee. Mr. Cole has been employed by Dell since May 2000 in the Nashville plant. Mr. Cole alleges that on at least three different occasions between 2000 and 2005, he applied for and was denied a promotion to a different position. Two of the promotions were awarded to white employees who lacked Mr. Cole's experience and one to a biracial employee who had only worked in the department for three weeks. (Compl. ¶¶ 163-65.) Despite Mr. Cole's inquiries, he was never informed as to why he was not promoted. On at least one occasion, Mr. Cole lodged a complaint with Human Resources, but no action was taken. (Compl. ¶ 164.) Mr. Cole also contends that over the years he has performed his regular job duties in an exemplary manner, but that he has received only average reviews and negative comments from his supervisors. (Compl. ¶ 166.)

According to Mr. Cole, he was exposed to a hostile work environment including discriminatory job assignments and severe and pervasive race-based harassment by white supervisors, managers and the Human Resources Department and despite his complaints to Human Resources, Dell did nothing to address

7

the issues. (Compl. ¶¶ 167-68.) Mr. Cole claims that on multiple occasions, there was racist graffiti on the bathroom walls including: "white power" and "Dell is white only" with a swastika next to it. (Compl. ¶ 169.) While Mr. Cole complained about the graffiti, it remained on the walls for several days after being reported. To Mr. Cole's knowledge, Dell took no steps to prevent the appearance of such graffiti.

### 10. Plaintiff Mohammed Qarsem

Mr. Qarsem is a resident of Tennessee and is of Palestinian ancestry. Mr. Qarsem worked for Dell from September 1999 until February 2002 when he claims that he was unlawfully terminated due to his ethnicity. Mr. Qarsem contends that prior to his termination he had a perfect disciplinary record and very good performance reviews. (Compl. ¶173.) However, in February of 2002, he was terminated due to his excessive use of the internet. According to Mr. Qarsem, everyone in his department used the internet for leisure, yet no white employees were ever reprimanded or terminated for their use of the internet unless they were found to be viewing obscene materials. (Compl. ¶ 174.) Mr. Qarsem claims that he never viewed obscene materials and contends that Dell's act of firing him for excessive use of the internet was based on his Palestinian ancestry.

## III. DISCUSSION

Defendant Dell argues that the ten Plaintiffs' cases were improperly joined and must be severed under Federal Rule of Civil Procedure 21. In the alternative, Dell argues that there is sufficient to sever each Plaintiff's case under Rule 42(b). Essentially, Dell asks this Court, based only on the face of the Complaint, to sever each of the ten Plaintiffs' discrimination claims and require each to separately conduct discovery of Dell and its practice and policies as it relates to their claims of discrimination at the two Dell facilities. Alternatively, Dell asks this Court to require ten separate trials.

Rule 20(a) provides for permissive joinder of Plaintiffs if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action." Fed. R. Civ. P. 20(a). Rule 21 provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21.

Under Rule 21, the Court has broad discretion when deciding whether joinder is proper and retains discretion, even if joinder is proper otherwise, "to order a severance to avoid causing unreasonable prejudice and expense to Defendant . . . and to avoid great inconvenience in the administration of justice." Fed. R. Civ. P. 21. If claims are misjoined, it is within the court's sound discretion as to how to handle the misjoinder. Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 682 (6th Cir. 1988) (internal citations omitted). A court may sever misjoined parties, so long as no substantial right will be prejudiced, where the test for permissible joinder is not satisfied. Johnson v. United Parcel Service, 2006 WL 686884, at *5 (E.D. Tenn. March 16, 2006) (unpublished) (internal citation omitted). As the Sixth Circuit has held, dismissal of claims against misjoined parties is also appropriate. Michaels Bldg. Co., 848 F.2d at 682 (citing Michigan Savings & Loan League v. Francis, 683 F.2d 957, 962 (6th Cir.1982)). On the other hand, Rule 42(b) provides that the court may also, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any claims or issues. Fed. R. Civ. P. 42(b).

Although it is true that the Court may sever claims at any stage of the litigation if the requirements of Rule 20 are not met, the fact that the parties in the case at bar have not conducted any discovery or other pretrial litigation clearly limits the Court's consideration of whether Plaintiffs' claims are properly joined for purposes of trial. Fed. R. Civ. P. 21. At this stage of the litigation, the Court's analysis and determination of whether Plaintiffs' claims are properly joined for purposes of discovery and/or trial is limited to the allegations contained in Plaintiffs' Complaint. Therefore, the Court presumes, for purposes of the motion to sever, that Plaintiffs' allegations in the Complaint are true.

**A.      Whether Plaintiffs Are Properly Joined Under Rule 20(a).**

The Court must first decide whether all ten of Plaintiffs' claims, as set forth in the Complaint, are properly joinder under Rule 20(a) or whether they are so unrelated to each other as to require severance pursuant to Rule 21. For Plaintiffs' cases to be properly joined, they must satisfy both requirements of Rule 20(a): (1) there must be a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) there must be a question of law or fact common to all plaintiffs**.** See Crutcher v. Commonwealth of Kentucky, 961 F.2d 1576, 1992 WL 98020, at *3 (6th Cir. May 11, 1992) (unpublished); Brown v. Worthington Steel, Inc., 211 F.R.D. 320, 324 -25 (S.D. Ohio 2002) (internal citations

9

omitted). The purpose of Rule 20(a) is to promote judicial economy and trial convenience. Application of joinder under Rule 20(a) is governed by the general principle that the court should allow "[t]he broadest possible scope of action consistent with fairness to the parties." Crutcher, 961 F.2d 1576, 1992 WL 98020 at *3 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966)). Therefore, the rule is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.

      1. *Same Transaction or Occurrence*

Determining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20 is often difficult and generally requires a cases-by-case analysis of the facts. See e.g., Wright & Miller, 7 Fed. Prac. & Proc. Civ. 3d § 1653. The Sixth Circuit has noted that "the words 'transaction or occurrence' are to be given a broad interpretation . . . ." Lasa Per L' Industria Del Marmo Societa Per Azioni v. Alexander, 414 F.2d 143, 147 (6th Cir. 1969); Johnson, 2006 WL 686884, at *4. Courts may consider many different factors when considering whether discrimination claims arise from the same transaction or occurrence. These often include: the time period during which the alleged acts occurred; whether the acts of discrimination are related; whether there were differing types of adverse employment actions; whether more than one type of discrimination is alleged; whether the same supervisors were involved; whether employees worked in the same department; whether employees were at different geographical locations, and whether a company-wide policy is alleged. See e.g. Brown, 211 F.R.D. at 324-25 (holding that joinder of plaintiff was not proper based on lack of factual allegations regarding time frame of employment, specific employment actions at issue and how the two plaintiffs experiences with the company-wide policy against promoting blacks were sufficiently similar); Hawkins v. Groot Industries, Inc., 210 F.R.D. 226, 229-30 (N.D. Ill. 2002) (finding that factors favoring joinder included allegations regarding the time period of discrimination, allegations of the same type of adverse employment actions and allegations of racial discrimination).

Dell contends that "Plaintiffs' substantive claims are not based upon the same transaction or occurrence and do not share common questions of law or fact" and therefore do not meet the requirements of Rule 20. (Def.'s Memo. at 5-6.) Dell argues that Plaintiffs' claims do not meet the transactional

10

relatedness test required under Rule 20(a) because their claims are based on each of their separate work histories and unrelated factual scenarios involving different time frames, different jobs and departments and various individuals. In response, Plaintiffs argue that the claims were properly joined under Fed. R. Civ. P. 20(a) because they arise from a common series of transactions or occurrences, *i.e.*, the employment decisions and practices at Dell's Nashville and Lebanon plants and that the racially discriminatory policies, practices and procedures affecting employment practices such as hiring, promotions, work assignments, terms and conditions of employment, discipline and the maintenance of a hostile work environment common to both plants affected all Plaintiffs. (Pls' Opp. to Mot. to Sever, at 2). Specifically, Plaintiffs argue their claims meet the transactional relatedness test because "Plaintiffs' allegations of discriminatory conduct all originate with their employment by Defendant at one of two Tennessee plants which are mere miles apart, where a single human resources and/or personnel department and a single set of employment policies, practices and procedures governed all of the Plaintiffs' employment . . . ." (Doc. No. 30-1 at 6.)

As discussed above the Court's analysis is limited to the factual allegations contained in the Complaint and the present case involves ten different Plaintiffs, all of which are or were employed at one of two Tennessee plants located within a few miles of each other, and who were apparently under the supervision of the same Human Resources department and governed by the same Dell employment policies, practices, and procedures. As discussed below, a review of the factual allegations in the Complaint and consideration of the numerous factors favors joinder of eight Plaintiffs' cases, each brought by an African-American Plaintiff. On the other hand, a review of the factual allegations supporting the claims of Mr. Black and Mr. Qarsem, in light of the related claims of the other eight Plaintiffs, clearly favors severance of these two Plaintiffs' claims.

Specifically, the claims of Mr. Black, an African-American who alleges he was discriminated against when he was disciplined for touching a woman with his arm and terminated for cursing on the job, and Mr. Qarsem, a Palestinian-American who alleges he was discriminated against when he was fired for excessive use of the internet, involve discrete and individualized circumstances. The claims of Mr. Black and Mr Qarsem are completely unrelated to the other eight Plaintiffs' claims that they were denied training and/or promotional opportunities because of race and were harassed by white co-workers and/or supervisors as a

11

result of Dell's policies, practices and procedures. Viewed alongside the remaining Plaintiffs' claims, it is clear that these two Plaintiffs' claims are distinctly different from the other eight Plaintiffs' claims and should not be joined for purposes of discovery or trial. The Court concludes that Mr. Black's claim and Mr. Qarsem's claim cannot and do not constitute one logical transaction or occurrence or series of transactions or occurrences for purposes of Rule 20(a). Accordingly, the Court finds that joinder of both Mr. Black and Mr. Qarsem as Plaintiffs is not proper and these two cases should be severed from the remaining eight Plaintiffs' cases.

As Plaintiff concedes, the eight remaining Plaintiffs' claims are not identical – they admittedly did not all work in the same jobs, under the same supervisors or even in the same departments and they allegedly suffered different effects from Defendant's discriminatory actions. Dell relies on these facts, as well as several different district court cases finding joinder improper, as support for its contention that "[g]iven Plaintiffs' varied employment histories and isolated factual allegations, their averment of a common practice of discrimination is insufficient to satisfy Rule 20's first requirement." (Def.'s Memo. in Supp. of Mot. to Sever, at 8.) In response, Plaintiffs argue that their specific allegations of race discrimination constitutes more than a broad, conclusory allegation and can be supported through the development of the factual record in discovery. (Pl.'s Opp. at 7.) In light of the allegations in the Complaint, the Court agrees with Plaintiffs.

In considering the parties arguments, the Court first notes that the cases cited by Dell are factually and/or legally distinguishable from the case at bar, either because the motion to sever was decided after discovery was complete, as was the case in Weir v. Litton Bionetics, 1996 WL 11608, *6 (D. Md. May 29, 1986), Henderson v. AT&T Corp., 918 F. Supp. 1059, 1063-64 (S.D. Tex. 1996), or the complaint considered by the court either failed to allege a general discriminatory or illegal standard, policy or procedure, or if it did include such an allegation, failed to indicate how, from a factual standpoint, the plaintiffs experiences with that policy were sufficiently similar so that joinder was appropriate, which was the situation in Michaels Bldg. Co., 848 F.2d at 682; Brandon v. Aerospace Testing Alliance, 2005 WL 2138654, *1 (E.D. Tenn. Aug. 22, 2005); Brown, 211 F.R.D. at 324-25; Bailey v. Northern Trust Co., 196 F.R.D. 513, 516 (N.D. Ill. 2000).

Moreover, after a careful review of the Complaint, the Court finds that each of the remaining Plaintiffs' allegations clearly present common elements of practice and conduct within the Dell plants tantamount to

12

allegations that there is a widely held policy of discrimination at Dell. See Johnson, 2006 WL 686884 at *7-8 (holding that "Plaintiffs' claims of hostile work environment for African Americans within the Chattanooga facility meet Rule 20's transactional relatedness requirement of a series of occurrences or transactions."). The fact that the time period that each of the remaining Plaintiffs worked at Dell, during which the alleged acts occurred, overlap to a great extent clearly supports the finding that the remaining Plaintiffs' experiences are sufficiently similar and ultimately tied to the same transaction or occurrence. Further, although three of the remaining Plaintiffs have alleged claims of retaliation in addition to discrimination, the type of discrimination alleged - acts amounting to a hostile work environment - is very similar for all eight of the remaining Plaintiffs.

Similarly, the acts of discrimination, while different have enough similarities that this factor also weighs against severance. Specifically, Plaintiffs allege that based on their race they were: denied promotions and/or training opportunities, harassed by co-workers and/or supervisors, and ignored by Human Resources and other management when the issues of racial discrimination in the workplace were reported. While the specific actors in the allegations might have been different, the common allegation that each Plaintiff's supervisor treated him or her differently because of his or her race is significant. Id, at *7 (while the actors in the allegations may have been different, the common allegation that plaintiffs received more severe discipline that white employees received for the same actions is significant).

Considering all of the factual allegations of the Complaint, it is clear that the remaining eight Plaintiffs allege common facts and law in discriminatory promotions, transfers and discipline practices and even at this early stage of the litigation, substantial overlap of allegations and issue for discovery exist among these eight Plaintiffs. The Court therefore finds that the eight remaining Plaintiffs' claims regarding treatment of African Americans within the two Dell Tennessee plants meet Rule 20's transactional relatedness requirement of a series of occurrences or transactions.

        2.      *Common Questions of Law or Fact*

As to the second requisite for permissive joinder, the rule that a question of law or fact common to all the parties will arise in the action, the rule does not require that all questions of law and fact raised by the dispute be common. Mosley, 497 F.2d 1330, 1334 (8th Cir. 1974). Yet, neither does it establish any qualitative or quantitative test of commonality. Id. Although the actual effects of a discriminatory policy,

13

procedure or practice may vary depending on the individual Plaintiff, the allegation that discriminatory policies, practices and procedures exist throughout Dell's two Tennessee facilities clearly threatens each of the remaining Plaintiffs.  A review of the allegations of the Complaint, taken as true, shows that, "[w]hether the Damoclean threat of a racially discriminatory policy hangs over the racial class is a question of fact common to all the members of the class. " Mosley, 497 F.2d at 1334.

As discussed above, the remaining eight African-American Plaintiffs in the case at bar have clearly established that a common question of law exists, *i.e.*, whether Dell discriminated against them on the basis of race, as well as a common question of fact, *i.e.*, whether Dell actually failed to promote and/or train and harassed these eight African-American Plaintiffs, and ignored their reports of discrimination, also on the basis of race.  See Johnson, 2006 WL 686884, at *8 (E.D. Tenn. 2006) (holding that plaintiffs' claims that defendant harassed plaintiffs on the basis of their race was a question of fact common to both plaintiffs).  Thus, the Court concludes that the second requisite for joinder under Rule 20(a) is also met by the allegations of the eight remaining Plaintiffs as set forth in the Complaint.

Based upon the factual situation presented by the eight remaining Plaintiffs, the Court finds that the eight African-American Plaintiffs' claims satisfy both prongs of the test for permissive joinder under Rule 20.  At this stage of the litigation – prior to discovery and pre-trial litigation – considerations of convenience, economy and expedition persuade the Court that joinder is appropriate for all Plaintiffs except Mr. Black and Mr. Qarsem.  Moreover, the Court concludes that consolidation of the remaining eight Plaintiffs' claims for purposes of discovery and pre-trial motions would not at this juncture be unfair or prejudice either party.  Thus, the Court holds that eight Plaintiffs' claims are properly joined for discovery and will not be severed at this time.  On the other hand, the Court also finds that joinder of Mr. Black and Mr. Qarsem as Plaintiffs is not proper and their claims must be severed and dismissed without prejudice.

**B.  Whether Remaining Plaintiffs' Claims Should Be Adjudicated in Separate Trials Pursuant to Rule 42(b).**

In the alternative, Dell argues that Plaintiffs' claims should be tried separately under Rule 42(b). The principal purpose of Rule 42(b) "is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir. 1988).  Like

14

the decision to sever claims under Rule 21, the decision whether to order separate trials is also within the sound discretion of the Court. In re Beverly Hills Fire Lit., 695 F.2d 207, 216 (6th Cir. 1982). In determining whether joinder for trial is appropriate, the Court considers whether the claims are likely to involve many overlapping issues of fact such that Plaintiffs are likely to put on many of the same witnesses and evidence in support of their claims. See Johnson, 2006 WL 686884 at *7-8 (holding that joinder of two remaining plaintiffs' racial harassment claims under Title VII was appropriate and should remain joined for trial where "both plaintiffs intend to put on many of the same witnesses and evidence in support of their claims"). Further, "[i]n deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." Id.

As discussed above, the Court recognizes that Plaintiffs' claims may be severed at any stage of the litigation and it is within the Court's discretion whether to order separate trials under Rule 42(b). Yet, the fact that the parties in the case at bar have not conducted any discovery or other pretrial litigation also narrows the Court's consideration of whether Plaintiffs' claims are properly joined for purposes of trial under Rule 42(b). Specifically, although the Court finds that the eight remaining Plaintiffs' claims are properly joined under Rule 20, without the benefit of discovery, it is unclear whether the testimony of the eight remaining Plaintiffs and witnesses for Dell will be relevant to all of the Plaintiffs' different claims. Moreover, there is no way to tell at this point whether the litigation of all eight Plaintiffs' claims related to the alleged company-wide pattern and practice of discrimination at Dell will focus specifically on the separate work histories of each Plaintiff or whether from a factual standpoint, a single trial is desirable for the administration of all eight of the remaining Plaintiffs' claims.

Because the Court finds that eight of the ten Plaintiffs' claims are properly joined under Rule 20 and the parties have yet to conduct discovery, the Court finds that Dell's request for separate trials pursuant to Rule 42(b) at this juncture is premature. If, at a later date in the litigation, it is shown that Plaintiffs' claims do not actually involve overlapping factual situations and/or confusion to the jury and prejudice to Dell would offset the possible benefits of a joint trial, the Court will reconsider its decision to sever Plaintiffs' cases for trial. On the other hand, if Plaintiffs can establish that separate trials would result in overlapping proof and

duplication in testimony and joinder will not unfairly prejudice Dell, the Court may allow the cases to remain joined for trial. Therefore, at this time, the Court denies Dell's motion to order separate trials without prejudice.

## IV. CONCLUSION

For the reasons set forth above and for good cause shown, the Court hereby DENIES Defendant Dell's Motion to Sever as it pertains to eight of the ten plaintiffs: Byron Lee, Paul Weir, Brenda Starks, Carol Matthews, Tresa Sanders, Genola Sanders, Sharon Johnson, and Jose Cole, and GRANTS Defendant's Motion to Sever as to Plaintiff Chris Black and Plaintiff Mohammed Qarsem. The Court also at this time DENIES without prejudice Dell's Motion in the Alternative to Order Separate Trials.

An appropriate Order will enter.

*Thomas A. Wiseman Jr.*
Thomas A. Wiseman, Jr.
Senior U.S. District Judge